McCRAINE *v.* STATE.

(Division B. Oct. 20, 1930.)

|130 So. 295. No. 28612.]

Frank Everett and **Oscar B. Townsend,** both of Indianola, and **J. M. Forman,** of Jackson, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

Argued orally by **Frank E. Everett**, for appellant, and **W. A. Shipman**, Assistant Attorney-General, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

J. A. McCraine was indicted at the September term, 1929, of the circuit court of Sunflower county on a charge of receiving a deposit from one Vonnie V. Case in the Delta Penny Savings Bank on the 10th day of December, 1927, having then and there good reason to believe that the bank was insolvent. He was convicted by a jury on said charge and sentenced to serve one year in the state penitentiary.

There are a number of errors assigned for reversal of the cause, among them is that R. W. Hall, a witness for the state and who was liquidating agent of the superintendent of banks for the Fraternal & Solvent Bank & Trust Company, a banking corporation doing business in Memphis, Tennessee, was permitted to testify as to what the books of that bank showed with reference to deposits therein by the Delta Penny Savings Bank. This testimony was objected to until the books were properly certified and shown to have been properly kept. This witness testified, with reference to the correctness of the books and his knowledge thereof, as follows:

"Counsel for defendant: I would like to ask the witness if he made this entry and kept these books.

"Counsel for state: We admit that he did not.

"Counsel for defendant: Do you know of your own knowledge that they are correct of not? A. No sir.

"Q. Did you keep these books? A. I did not.

"Q. Do you know whether they are correct or incorrect? A. All I know they are the books of the Fraternal & Solvent Bank & Trust Company.

"Q. And you don't know whether they are correct or not? A. No sir.

"Counsel for defendant: We object.

"Court: Overruled. Exception by defendant."

The books kept by the Delta Penny Savings Bank showed large deposits of money in this Fraternal & Solvent Bank & Trust Company, but the witness was permitted to state that the books showed a deposit of two hundred ninety-six dollars and fifty-eight cents on the date the defendant is charged with having received the deposit, knowing the Delta Penny Savings Bank to be insolvent.

We think it was error to admit the testimony of the witness as to what the books showed, and the entry of the books of the Fraternal & Solvent Bank & Trust Company without first showing that the books were correctly kept. The evidence was material, and this error was harmful to the defendant in his trial. It also appears from the exhibits introduced from said books that certain deposits made prior to the date of the reception of the deposit by the Delta Penny Savings Bank have not been brought forward or properly accounted for.

The defendant offered to prove by S. M. Rogers that on or about the 2d day of January, the day before the Delta Penny Savings Bank was closed by the state bank examiners, he made a deposit in said bank of small amount for himself and small amount for his wife; that having some ground to believe the bank was not in good condition, or that there were reports to that effect, he made inquiry as to whether the bank was insolvent or whether it was safe to make the deposit; and that one

of the state bank examiners then present in the bank and making an examination of it assured him it was solvent and all right; and that on this information he made the deposit. This evidence was excluded by the court. The defendant thereupon offered to prove by quite a number of other depositors that they made deposits in the bank on the 3d day of January, or the day before the bank closed, upon similar conditions and upon similar assurances that the bank was solvent made by the bank examiner.

We are of the opinion that this evidence should have been admitted as bearing upon the question of whether the defendant had good reason to believe that the bank was insolvent at the time the deposit, received by him charged in the indictment, was made. It appears from the testimony that the bank, at the time the deposit was received and for a long time prior thereto, had cash and cash items counted as cash much larger than was required by law to be kept in reserve for the purpose of paying demands made upon it. It further appears that the bank examiners had examined the bank several times prior to the date upon which the representation was made and had passed it, proving its assets and securities as being sufficient to make the bank a solvent bank. It further appears from the testimony that about the time the bank was closed the bank examiners authorized the liquidating agent to assure the customers of the bank that it was not affected by the failure of the Fraternal & Solvent Bank & Trust Company of Memphis. It further appears that the bank examiners, whose business it was to investigate the condition of banks and to pass upon their solvency, had made examinations of the bank books and assets and were of the opinion that the bank was solvent. We think it was competent, therefore, for these facts to be brought to the attention of the jury for the purpose of throwing light upon the question of whether the defendant had good reason to believe the

bank was insolvent at the time the deposit charged in the indictment was received. It may be that the jury with this light before it. would have taken the view that the defendant in good faith received the deposit believing the bank was solvent. It is true that the opinion of the bank examiners and the liquidating agent would not be controlling, but the bank examiners are supposed to be experts upon such questions, and if they, as reasonable men, thought at the time the bank was solvent, it is quite possible that the defendant thought the bank was solvent at the time he received the deposit, and the jury might have so found.

There are other errors complained of to reverse the judgment, and we are not entirely satisfied with the proof as to the insolvency of the bank. The liquidating agent testified as to a number of the securities held by the bank and to his opinion of the value of the securities. It appears that much of this opinion was derived from handling the securities of the bank and undertaking to make collections after the bank was closed for liquidation, and in some instances it is not sufficiently shown that the conditions existing at the time of the trial, and the knowledge from which the liquidating agent testified, existed at the time the bank was closed, or the time the deposit was received.

The mere fact that the securities taken for a loan are not sufficient to satisfy the amount of the loan does not of itself render the securities insufficient or of not full value. It is well known that many loans are made without securities other than personal notes and personal endorsements. The reputation of a debtor of a bank for solvency or insolvency is a point that is pertinent and influential. It is well known that many persons are absolutely good for their contracts and are so regarded in the community where they live and are execution proof. Many such persons promptly pay their obligations and have that reputation in the community in which they live.

It will be assumed that an officer or a manager of a bank would be safe in making loans within conservative limits under such circumstances. This feature is not developed sufficiently. In other words, the mere fact that a debtor is insolvent should not make a criminal out of the banker who makes or carries a loan of such person. Bankers may be assumed to know the reputation of their customers for fair dealing and the meeting of their obligations. They may also be assumed to know or to be cognizant of the general repute in the community of persons they deal with.

It is complained on appeal that the liability of the bank to stockholders was noted in determining the solvency of the bank in the case before us. We do not deem it necessary to pass upon the sufficiency of the evidence as to the solvency of the bank in view of the fact the case must be retried, but in determining the solvency of the bank for the purposes of this prosecution the liability of the bank to its stockholders, as such, is not to be considered a test of solvency. For the errors indicated the judgment of the court below is reversed, and the cause remanded for a new trial.

Reversed and remanded.